## McFarlin *v.* Bank of Toccoa.

Atkinson, J. The Bank of Toccoa instituted an action against G. A. McFarlin upon two promissory notes executed by McFarlin to the bank, for $2328.33 each. The petition as amended alleged that the notes were given as payment on the purchase-price of described land, and prayed for a judgment for the amount of the notes, and that the judgment be made a special lien on the land. The defendant answered, admitting execution of the notes, but denying indebtedness thereon. Paragraphs 7 to 23, inclusive, of the answer and a proposed amendment thereto alleged the following in substance: The notes sued upon were executed in the office of an attorney at law in the town of Toccoa. The bank at that time, as pledgee or transferee, was the holder of three other notes which had been executed by defendant to Arthur Means, to cover purchase-price of the land described in plaintiff's petition. One of the notes was overdue, and the other two were yet to become due. The defendant paid off in cash the note that was due, and at the same time executed the notes that are sued upon, directly to the bank in lieu of the two remaining notes so held by the bank as pledgee or transferee. The cashier representing the bank in the

transaction directed defendant to call by the bank and receive all three of the notes that were intended to be retired. Shortly afterwards and during the same day defendant called for the notes, but was informed by the cashier that they had been sent by him to Means. Defendant then demanded the notes from Means, who denied having them or having received them from the bank. In fact the bank had turned them over to Means wrongfully and fraudulently, and put it in the power of Means to transfer the two notes that were not due to innocent third persons. Having so received the notes, Means transferred the two notes last mentioned to named innocent third persons for value and before maturity, so that defendant was liable to such third persons on those notes. Defendant finally procured from Means the note that was paid off in cash; but notwithstanding repeated demands made on both the bank and Means for the other two notes, defendant was never able to procure them. Means was not the agent of defendant, and had no authority to receive the notes for him from the bank. The return of the two notes was a part of the consideration of the notes sued on, and in the circumstances the consideration of such notes has failed, and defendant is not liable to the bank for their payment. At the conclusion of the answer were prayers that the notes sued on be canceled, and that the bank be required to convey the land to defendant, and, in the event of its failure to do so, that the court decree title to the land to be in defendant. The court struck paragraphs 7 to 23 of the answer on general demurrer, and disallowed the proposed amendment, and afterwards directed a verdict for the plaintiff. The defendant's motion for a new trial being overruled, he excepted. In the bill of exceptions error was also assigned on the judgment striking the above-designated portion of the answer and disallowing the amendment. *Held*:

1. The substantive allegations of the portion of the plea which was stricken considered in connection with the proposed amendment were sufficient as a plea of failure of consideration, and the court erred in striking that part of the answer on general demurrer and in disallowing the proposed amendment. The answer and proposed amendment was not an effort, as contended by the defendant in error, to set off a demand arising ex delicto against a cause of action arising ex contractu.

2. The error pointed out in the ruling made in the preceding note rendered all further proceedings in the case nugatory; and it is unnecessary to decide other questions made by the assignments of error.

*Judgment reversed. All the Justices concur.*

*R. T. Camp* and *W. S. McDaniel,* for plaintiff in error.

*Goode & Owen, Fermor Barrett,* and *W. R. Little,* contra.